The opinion of the Court was delivered by
Richardson, J.
The Act of Congress, of 1802, 6 vol. p. Í4, permits aliens to become citizens generally, provided they shall have declared, &c., three years at least, before admission,- the intention to become citizens, &c., and to renounce their former allegiance, &c., and at the time of admission three-years after such declaration, the same act requires the applicant to take the oath of fidelity to the constitution, as well as the oath of naturalization, &c. Grayd. Dig. 309.
*3531 *The proceedings in the case before us were as follows : J 1. A petition, to wit: To the Hon. Thomas Waties, Esq., one of the associate judges of the State of South Carolina : The humble petition of Eleanor M'Daniel, sheweth, that your petitioner is an alien, born in the kingdom of Ireland, under the allegiance of the king of Great Britain, and that your petitioner is desirous of becoming a citizen of the *585 United States of America. Tour petitioner therefore pravs, that your Honor would cause to be administered, in open Court, the oath prescribed by the Act of Congress to be taken by aliens intending to become citizens of the United States, and intending to renounce their allegiance to every other prince, potentate, State or sovereignty whatever, and your petitioner will pray.
Eleanor M'Daniel.
Be it so.
Thomas Waties.
March 21, 1810.
We do certify, that we have known Eleanor M'Daniel since the year 1803 ; that she has resided within the jurisdiction of this State, since that time; that she is a woman of good moral character, attached to the constitution of the United States of America, and well disposed to the good order and happiness of the same.
Joseph Dobson,
BuckneR Smith,
John Bell,
John Grisham, q. u.
The prayer is, that certain oaths may be administered to the petitioner, and nothing more. Upon the petition and fiat of the judge, the applicant took the following oath :

State of South Carolina, Pendleton District:

Eleanor M’Daniel, being duly sworn, in open Court, makes oath, that she has resided in this State ever since the year 1803, and that she will support the* Constitution of the United States, and this State; and r*ozi that she doth absolutely and entirely renounce and abjure allegiance *- 4 and fidelity to every foreign prince, potentate, state or sovereignty whatever, and particularly to the king of Great Britain and Ireland, under whose allegiance she has been.
Eleanob M’Daniel.
Sworn to and subscribed, in open Court, March 27, 1810.
John T. Lewis, o. o.
I do hereby certify the above a true copy of the original, filed in my office.
John T. Lewis, c. o.
'Pendleton District, 15í7¿ April, 1820.
On the 4th of June, in the same year, the clerk issued a certificate of naturalization.
Upon these proceedings, the question arises : Are they sufficient testimony that Eleanor M’Daniel was legally admitted to the rights of citizenship, under the Act of Congress of 1802 ? Eor this purpose, we need look no further than the records themselves. The petition prays, that the oaths required to be taken by those who intend to become citizens, and intending to renounce allegiance, &c., may be administered. Whereupon, instead of the oath, of the intention to become a citizen, and the intention to renounce allegiance, &c., as set forth in her petition, she actually took the oath of fidelity to the Constitution, and that she did then renounce allegiance, &c., which could have been required, not then, *586 but three years after, upon a second application to become a citizen, predicated upon the oaths before taken, of the intention so to do. The oaths she took, certainly set forth the intention, for they show both the intention, &c., and the act of renouncing her former allegiance. But the superfluous oaths taken then, could not dispense with the necessity of the second application, three years after, and the required oaths being taken merely because she had taken them needlessly upon another occasion. The judge, by his fiat, directed the oath of intention, &c., to be admin-¡t-ocKI istered, which is a preparatory ^measure. She took that oath, -I and more, which was harmless, but still she had performed simply what was then required, and could not dispense with the sine qua non of her admission to citizenship, three years after. The clerk, in less than three months after, of his own mere motion, granted the certificate of naturalization. This was the error of a ministerial officer. The Court said, let her now pass through the legal forms, preliminary to her becoming a citizen three years hence. She®does so, and much more; so that the judge was obeyed ; but the preliminary preparation was no more than perfect, and she had hot yet become a citizen. The subsequent act of the clerk, then, in issuing the certificate of naturalization, was unauthorized. He drew a conclusion, which the judge had not made ; and exhibited as an act of the Court, that which had not been done. The mistake below was easily made, by respecting the after act of the clerk, as the order of the Court, or by concluding from the forms passed through, that the applicant had been actually received as a citizen, whereas, by looking into the petition, which unfolds the object in view, to have been preparatory only, and by regarding the Act of Congress, which assures us that any farther object would, at that time, have been illegal; we perceive she had taken the first step only ; and the Act very wisely requires three years before the second can be taken, in order that the applicant may reflect maturely, and the country have some acquaintance with the stranger, who proposes himself for our adoption. In a word, the first step is no more than a solemn and public declaration of an intention to renounce all foreign allegiance, and to adhere to us. The locus peniten-tice remains for three years with the applicant, and we are fairly notified, so as to inquire who and what he may be, having performed this precedent condition, showing his intention solely; if, at the end of three years, he shall execute that declared intention, by actually renouncing all allegiance elsewhere, and by swearing positive adherence to our constitution, *and in addition thereto, shall prove his good character, J he may become a citizen. All these acts required to be done at the end of three years, after the intention had been declared, Eleanor M’Daniel did, in fact, perform, but, unluckily, she performed them three years before she could with effect. But at the time of their performance, they were superfluous, and could not authorize the certificate given by the clerk ; nor was such certificate ordered by the fiat of the judge.
The motion is, therefore, granted.
Colcock and Nott, JJ., concurred.